LEONIDAS WEST and Another v. JOHN SIBLEY and Another.

May 2, 1899.

Nos. 11,629—(154).

Promissory Note—Verdict Sustained by Evidence.

Held, that there was competent evidence introduced upon the trial of this action reasonably tending to support the verdict in plaintiffs' favor.

Three actions in the district court for Hennepin county on promissory notes, aggregating $1,735 in amount, purporting to have been executed by defendant Sibley by "Jesse G. Jones, Manager," to the order of defendant Broberg and to have been by him transferred before maturity for value, without notice, and in the ordinary course of business to plaintiffs. Defendant Sibley in his answers denied that he executed the notes or ever authorized any one to make them, and alleged that his name was placed on them without his knowledge or consent. The cases were tried together before McGee, J., and a jury, which rendered a verdict in favor of plaintiffs and against defendant Sibley for the amounts demanded.

From orders denying a motion in each case for a new trial, defendant Sibley appealed.   Affirmed.

*Samuel M. Davis,* for appellant.

*Chas. P. Barker,* for respondents.

COLLINS, J.

While the evidence in this case in support of plaintiffs' claim that Jones, as manager of the lumber yard, had express authority to execute in Sibley's name, and to deliver, the notes in question, is not very persuasive, and a finding that he did not have such authority could easily be sustained, we are satisfied that the verdict, in effect, that Jones had the authority, cannot be set aside without departing from the well-established rule that, where there is competent evidence reasonably tending to sustain the verdict, it cannot be disturbed on the ground that it is against the weight of evidence.

Jones, engaged in retailing lumber, became insolvent in 1895. Sibley then purchased the Jones lumber yard and stock from the receiver in insolvency, and installed Jones in possession, giving him apparent, if not express, authority to buy and sell.   The business seems to have been conducted under the style of "Jesse G. Jones, Manager," and the bank account was kept and checks drawn in this way.   During the time Jones drew checks, as manager, payable to Sibley, on which the latter got the money.   Sibley seems to have supervised the business to some extent.

The notes in question were given for a bill of lumber sold by Broberg, which went into the yard, and became a part of the stock for sale a few weeks before Jones' death in April, 1898.   Sibley practically admitted, on the witness stand, that if this action had been upon an account, instead of upon notes, he could not escape liability.   It was also shown that, immediately after Jones' decease, Sibley took possession of the yard, and all therein, as his own.   He also drew a check upon the bank, signing it, "Jesse G. Jones, Manager, by John Sibley," on which he obtained all money on deposit when Jones died.   These circumstances all tend to show that the business, although managed by Jones, belonged to Sibley; and, when taken in connection with the testimony of Broberg as to the conversation with Sibley before he sold, with respect to his nego-

tiations with Jones, as manager, for a sale of the lumber on time, taking paper therefor, was competent evidence tending to support the verdict. We have not overlooked the fact that Sibley emphatically denied this conversation; nor that Broberg, as indorser, was interested in the result; and it may be, as argued by counsel, that Broberg's manner, when relating the conversation, was such as to indicate a want of frankness. But these were matters for the jury, who saw these witnesses in person, and could best judge as between them.

There is nothing in the claim of counsel that it was error to admit in evidence the letterpress copy of the bill of lumber. The foundation for its admission was laid, and the order in which it should be introduced was in the sound discretion of the trial court.

Order affirmed.